UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: 10-213 |
| v. | * | SECTION: "L" |
| MELVIN WILLIAMS MATTHEW DEAN MOORE | * | |
| | * | |

### MOTION TO EXCLUDE DEFENSE EXPERT FOR LACK OF TIMELY NOTICE

**NOW INTO COURT** comes the United States of America, appearing through the undersigned Government attorneys, and submits for the Court's consideration a motion to exclude defense expert Michael Baden for untimely notice. Exclusion of Dr. Baden is appropriate here because, although the trial commences in only a few days, and defense counsel has yet to provide the government with adequate notice of Dr. Baden's opinions, the basis for his opinions, and his report.

1

I.  **Although the government disclosed Dr. Sperry's expert report on August 23, 2010, the defendants have yet to provide a report by their newly-identified expert, Dr. Baden.**

Dr. Paul McGarry, who was then employed by the Orleans Parish Coroner's Office, conducted the initial autopsy of Raymond Robair in August, 2005. Dr. Kris Sperry, Chief Medical Examiner of Georgia, completed a second autopsy shortly thereafter. These two pathologists reached different conclusions regarding Robair's manner of death, a fact that has been public record for at least a year, if not longer.

To briefly summarize, Dr. McGarry concluded that the Robair's death was consistent with a fall on a city street. By contrast, Dr. Sperry determined that Robair's death was a homicide caused by blunt force trauma.

On July 29, 2010, a federal grand jury returned a three-count indictment against Melvin Williams and Matthew Dean Moore. (See Doc. No. 1.) Promptly thereafter, on August 23, 2010, the United States produced in discovery an expert report from Dr. Sperry, the pathologist the United States intends to call at trial. The government also disclosed memoranda of interviews from the treating physicians who may testify at trial and a letter by Dr. Jerry Spencer, a Department of Defense pathologist, who endorsed Sperry's findings and rejected McGarry's work. In addition, the United States made its first request for any tests or reports prepared by a defense witness.

At a status conference on February 22, 2011, government counsel provided confirmation that the United States intended to call Dr. Sperry as an expert witnesses. Government counsel asked defense counsel if they intended to call Dr. McGarry, but did not receive a definitive response.

2

On March 1, 2011, the United States formally identified in a discovery letter the prosecution witnesses who could be qualified as experts. It also set forth in writing the subject matter these potential experts could be expected to cover during their trial testimony. The United States also turned over CVs for these witnesses.

Having noticed its experts, the United States again requested in a discovery letter dated March 1, 2011, "notice of any expert witnesses that the defense intends to call at trial." On March 18, in another discovery letter, the United States repeated its request for notice of any expert witnesses that might be called at trial. The United States made yet another request for expert discovery on March 25.

On the afternoon of March 25, defense counsel contacted government counsel to advise that defendants had retained an expert witness, whom he identified as Dr. Michael Baden of New York. Defense counsel did not say whether the defendants intended to call Dr. Baden or merely to consult with him in preparation for trial. Defense counsel also was unable to describe Dr. Baden's opinions or conclusions, much less the bases for any conclusions he might have reached.

With this limited information, government counsel searched for Dr. Baden on Google. Government counsel located Dr. Baden's telephone number and called to inquire as to the subject matter(s) he might cover if he was called as a witness at trial. Dr. Baden said that he had been retained that day (Friday, March 25), but that he had not yet had an opportunity to review the materials provided by defense counsel. At the time, Dr. Baden was unsure exactly what subject matter the defense intended for him to cover. As a result, Dr. Baden was unable to provide government counsel with an opinion on any issue that might be presented at trial. Dr. Baden even went so far as to ask government counsel what date the trial was scheduled for, and whether that

3

date was indeed a firm one. Government counsel assured Dr. Baden that the April 4 trial date was a firm date. Dr. Baden said that he would review the materials over the weekend and then make himself available at some point the following week.

On Monday, March 28, government counsel left Dr. Baden a message, but his staff said that he would not be available to speak until Thursday, March 31.

At a pretrial hearing on Tuesday, March 29, defense counsel stated that the defendants intended to call Dr. Baden as an expert witness. The United States objected because it had not yet received adequate notice with respect to Dr. Baden. Government counsel pointed out that, as of March 29, defense counsel had yet to provide the United States with a CV, an expert report, or an opportunity to speak with Dr. Baden. The United States indicated that it did not consider this adequate notice under the Federal Rules and, as a result, it would object to defense counsel calling Dr. Baden as an expert witness.

On March 30, defense counsel provided the United States with Dr. Baden's CV and a list of the general topics areas that Dr. Baden might cover at trial. The defendants did not provide a summary of Dr. Baden's opinions or conclusions, or the bases for any opinions or conclusions. They also did not turn over a copy of Dr. Baden's report. Defense counsel stated that Dr. Baden would provide the United States with his report no later than Thursday, March 31.

Trial is set for Monday, April 4, 2011. At this time, the United States still does not have a summary of the testimony anticipated by Dr. Baden. Dr. Jerry Spencer, an expert witness that the United States would have considered calling to rebut Dr. Baden, is now out of the country and is unavailable to testify at trial.

**II.    Exclusion of Dr. Baden is appropriate here, where the defendants failed to provide the government with timely notice of his expert testimony.**

Federal Rule of Criminal Procedure 16(b)(1)(B) requires a defendant to produce reports of examinations and tests within his possession, custody, or control, if he intends to use them at trial in his case-in-chief. Furthermore, Rules 16(b)(1)(C)(i) and (ii) require a defendant to provide a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial. This summary must describe the witness' opinions, the bases and reasons for those opinions, and the witness' qualifications. This provision mirrors the government's obligation under Rule 16(a)(1)(F).

Rule 16 does not provide specific timing requirement regarding expert witnesses, but, as with other provisions of Rule 16, requires that disclosures are made in "a timely fashion." Fed.R.Crim.Proc. 16, Advisory Committee Notes (1993 Amendment). A review of the relevant case law confirms that notice of experts in the days leading up to trial is untimely. In United States v. Petrie, for example, the Eleventh Circuit agreed that a defendant failed to provide timely notice when he waited until the Friday prior to the Monday commencement of trial to provide notice of an expert witness. 302 F.3d 1280, 1288-89 (11th Cir. 2002). The Petrie Court considered notice on the Friday before trial to be untimely. Id. at 1289; see also United States v. Day, 524 F.3d 1361, 1371-72 (D.C. Cir. 2008) (court upheld exclusion of expert witness where party gave notice 48 hours before the Daubert hearing and failed to include a clinical diagnosis in the expert's report). As a sanction for this untimely disclosure, the district court did not allow the defendant's expert to testify at trial. Id.

These decisions by the Third, Eleventh, and D.C. Circuit Courts are consistent with the principles outlined in the Federal Rules. Federal Rule of Criminal Procedure 16(b)(1)(C) "is

5

meant to prevent the defendant from obtaining an unfair advantage." Id., Advisory Committee Notes (1966 Amendment).   For example, in cases where both prosecution and defense have employed experts to make psychiatric examinations, it seems as important for the government to study the opinions of the experts to be called by the defendant in order to prepare for trial as it does for the defendant to study those of the government's witnesses.   See United States v. Hoffecker, 530 F.3d 137, 185 (3d Cir. 2008) (citing Fed.R.Crim.P. 16(b)(1)(C) Advisory Committee Notes (1966 Amendment)).

In the instant matter, the United States provided the defendants with ample time to study the report prepared by its expert pathologist, Dr. Sperry.   The United States provided defense counsel with Dr. Sperry's expert report on August 23, 2010.   The defendants accordingly had at least six months – and arguably over a year – to review Dr. Sperry's report and prepare their defense.

By contrast, the defendants *named* a potential expert roughly ten days before the commencement of trial.   They have yet to disclose the expert's opinions, the bases for his opinions, and his written report – even though the trial starts this coming Monday.   As a result of the defendants' untimely notice, the government has not had an opportunity to study the opinions, if they exist, of the defendants' newly-named expert, Dr. Baden.

The defendants' untimely notice of Dr. Baden has caught the government by surprise and denied it the opportunity to prepare for trial, particularly with respect to the direct examination of its pathologist and the cross-examination of the defendants' newly-named expert.   This is a result that the Federal Rules were designed to prevent.   Fed.R.Crim.P. 16(b)(1)(C) is "intended to minimize the surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony

6

through focused cross-examination." Id. (citing Advisory Committee Notes (1993 Amendment)); see also Day, 524 F.3d at 1371-72 (exclusion of expert was upheld because untimely expert notice and the absence of a clinical diagnosis in the expert's report made it impossible for the government to engage in meaningful cross-examination at the Daubert hearing).

This Court, as the trial court, has broad discretion to regulate discovery, and to impose remedies for a violation of the Federal Rules. See Hoffecker, 530 F.3d at 185; United States v. Accetturo, 966 F.2d 631, 636 (11th Cir. 1992) (internal citations omitted). The Courts have upheld the exclusion of expert witnesses as an appropriate sanction for a party's violation of its discovery obligations. See Hoffecker, 530 F.3d at 185; Day, 524 F.3d at 1371-72; Petrie, 302 F.3d at 1288-89. Such a sanction is appropriate here.

Despite repeated requests by the government, the defendants have yet to provide the government with any expert opinions that Dr. Baden might offer at trial. The defendants also failed to provide the government with a written summary of Dr. Baden's findings or an opportunity to speak with him. The case law makes it clear that, with trial set to start on Monday, these failures by the defendants violated the Federal Rules and warrant exclusion of their surprise expert witness, Dr. Baden.[1]

---

[1] Although the defendants have yet to provide the government with a CV for Dr. McGarry, the government acknowledges that its possession of Dr. McGarry's report makes it at least arguable that the defendants could seek to use him as an expert at trial. Should the Court exclude Dr. Baden and thereby prompt the defendants to rely on Dr. McGarry, the government respectfully requests an opportunity to be heard on whether the defense has provided adequate notice for Dr. McGarry.

**WHEREFORE**, for the reasons stated herein, the government respectfully requests that the Court exclude Dr. Michael Baden from testifying at trial.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

 /s/ Forrest Christian
FORREST CHRISTIAN
JARED FISHMAN
Criminal Section, Civil Rights Division
United States Department of Justice
Telephone: (202) 514-8376
Facsimile:  (504) 514-8336

/s/ Jordan Ginsberg
JORDAN GINSBERG
Illinois Bar Roll No. 6282956
Assistant United States Attorney
Hale Boggs Federal Building
500 Poydras Street, Suite 210B
New Orleans, Louisiana 70130
Telephone: (504) 680-3000
Facsimile:  (504) 589-4510

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

 /s/ Jordan Ginsberg
JORDAN GINSBERG
Assistant United States Attorney

8